# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARCUS RANDALL, JR.**                                                            **PLAINTIFF**

**v.**                       **Case No. 1:13-cv-00095 KGB**

**WAREN WADE and CHAINE TAYLOR**                       **DEFENDANTS**

## ORDER

Marcus Randall, an inmate in the Arkansas Department of Correction, filed this *pro se* case under 42 U.S.C. § 1983 (Dkt. No. 2), along with a motion to proceed *in forma pauperis* (Dkt. No. 1). Upon consideration of the financial information provided with Mr. Randall's motion, the Court grants Mr. Randall leave to proceed *in forma pauperis*. However, the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, nonetheless requires prisoners to pay the filing fee when a prisoner brings a "civil action." Although Mr. Randall styles his claim as a § 1983 action, it is in fact, as discussed further below, a petition for writ of habeas corpus. The Eighth Circuit has held that habeas corpus, a "unique creature of the law," is not a "civil action" for the purposes of the PLRA's filing fee provision. *Malave v. Hedrick*, 271 F.3d 1139, 1139–40 (8th Cir. 2001). Where an action is not filed as such, but is properly a habeas corpus action, the PLRA's filing fee provision is inapplicable. *See United States v. Feist*, 346 F. App'x 127, 128 (8th Cir. 2009). Consistent with Eighth Circuit precedent, the Court waives the filing fee in this action. Furthermore, for the reasons set forth below, the Court dismisses this action with prejudice.

Mr. Randall categorized his complaint as an action under 42 U.S.C. § 1983, under which individuals may bring claims against state officials for civil rights violations. However, Mr. Randall's allegations arise out of the "fact or duration" of his physical imprisonment, and thus

his sole remedy is a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A § 1983 civil rights claim, on the other hand, is the proper means for a prisoner to seek money damages or injunctive relief from unlawful treatment. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Mr. Randall's claim is that he is wrongly imprisoned as a result of incidents surrounding his conviction and sentencing. Thus, to the extent he is seeking release from confinement, his claim lies at the "core of habeas corpus" and his remedy is with a writ of habeas corpus, not through a civil rights suit brought under 42 U.S.C. § 1983.

The Court further notes that, even if the instant case had been properly brought as a petition for writ of habeas corpus, the action would be subject to dismissal because there is no indication that Mr. Randall has exhausted his available state remedies, which he must do before invoking federal habeas corpus jurisdiction. *See, e.g.*, *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). The Court dismisses Mr. Randall's instant § 1983 claim without prejudice.

SO ORDERED this 17th day of January, 2014.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge